IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEBORAH LAUFER,<br>   *Plaintiff* | §<br>§<br>§ |
| -vs- | §    A-20-CV-00620-JRN<br>§<br>§ |
| MANN HOSPITALITY, LLC,<br>   *Defendant* | §<br>§<br>§<br>§ |

## ORDER

  Before the Court in the above-entitled and styled cause of action is Defendant's Motion to Dismiss (Dkt. 8). Defendant moves the Court to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1), (6). The Court finds that the Motion should be GRANTED and the case dismissed.

### I.    LEGAL STANDARD

  **a. Rule 12(b)(1)**

  "When a motion to dismiss for lack of jurisdiction is 'filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'" *Crenshaw-Logal v. City of Abilene, Texas*, 436 Fed.Appx. 306, 308 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). If a complaint could be dismissed either under Rule 12(b)(1) or for failure to state a claim, "the court should dismiss only the jurisdictional ground under [Rule] 12(b)(1)," without reaching the 12(b)(6) question. *Id.* (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The party asserting that subject matter exists bears the burden on a 12(b)(1) motion. *Ramming*, 281 F.3d at 161 (5th Cir. 2001). In deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). When a defendant seeks to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court lacks subject matter jurisdiction, it can make either a "facial attack" or a "factual attack." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). The standard of review for a 12(b)(1) motion varies based on whether a defendant facially or factually attacks a complaint.

In a "facial attack," the movant asserts that the allegations in the complaint are insufficient to invoke federal jurisdiction. *See Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 620 (S.D. Tex. 2014). A facial attack happens when, as here, "a defendant files a Rule 12(b)(1) motion without accompanying evidence." *Id.* (citing *Paterson*, 644 F.2d at 523). In a facial attack, allegations in the complaint are taken as true. *Blue Water Endeavors, LLC*, Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011) (citing *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

"Standing is a required element of subject matter jurisdiction and is therefore properly challenged on a 12(b)(1) motion to dismiss." *SR Partners Hulen, LLC v. JP Morgan Chase Bank, Nat. Ass'n*, No. 3:10-CV-437-B, 2011 WL 2923971, at *3 (N.D. Tex. July 21, 2011) (citing *Xerox Corp v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989)). To establish standing, the Plaintiff must allege (1) that he has suffered an injury in fact, which is both (a)

concrete and particularized and (b) actual or imminent, as opposed to conjectural or hypothetical; (2) the existence of a causal connection between the asserted injury-in-fact and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; (3) it must be likely, as opposed to merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted). Particularized means "that the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n. 1.

### b. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Ray v. CitiMortgage, Inc.*, No. A-11-CA-441-SS, 2011 WL 3269326, at *2 (W.D. Tex. July 25, 2011) (citing *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "The plaintiff must establish a cause of action and demonstrate the damages sought are appropriate." *Ray*, 2011 WL 3269326, at *2 (citing *United States v. Stanley*, 483 U.S. 669, 691 n. 7 (1987) (O'Connor, J., concurring)).

Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 545. The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *United States ex rel. King v. Univ. of Texas Health Science Center-Houston*, 907 F.Supp.2d 846, 849 (S.D. Tex. 2012).

## II. DISCUSSION

### a. Background

Plaintiff filed her complaint on June 12, 2020 (Dkt. 1) alleging violations related to the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. § 12101 et. seq. Title III of the ADA prohibits discrimination against persons with disabilities by places of public accommodation and services operated by private entities, including hotels. Section 12181 announces a "general rule" that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

Defendant operates a hotel called the Sunset Inn in Caldwell, Texas. *See* (Compl., Dkt. 1, at 2). Plaintiff, who is "unable to engage in the major life activity of walking more than a few steps without assistive devices" alleges that Defendant has violated the ADA by failing to "[m]odify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms," among other alleged failures. *See* (Compl., Dkt. 1, at 1, 3) (citing 28 C.F.R. § 36.302(e)(1)). More specifically, Plaintiff alleges Defendant's hotel

violates the ADA by failing to ensure that third-party websites containing a listing for Defendant's hotel are in compliance with the ADA by identifying accessible rooms, allowing for booking of accessible rooms and providing information as to whether accessible rooms are available. *See* (Compl., Dkt. 1, at 4–5). Plaintiff does not allege she has visited Defendant's hotel, booked a reservation there, or traveled to the area—instead, she is an ADA "tester" and an "advocate for the rights of similarly situated disabled persons." *Id.* at 2.

Plaintiff seeks a declaratory judgment determining that Defendant is in violation of the ADA, an injunction "enjoining [Defendant] from further discrimination," and an award of attorney fees. (Compl., Dkt. 1, at 8).

Defendant moves to dismiss on the grounds that: (a) Plaintiff's claims do not provide sufficient notice of her allegations against Defendant; (b) Plaintiff fails to state a claim for relief under Title III of the ADA; (c) Plaintiff fails to allege she sought access to a place of accommodation owned or operated by Defendant; (d) Plaintiff fails to plead a sufficient nexus between Defendant's website and any physical location; (e) Plaintiff lacks standing to bring a claim against Defendant; (f) Plaintiff fails to establish her status as a "tester," resulting in lack of standing; (g) Plaintiff does not allege a concrete and particularized harm that could be cured by an injunction; and (h) Plaintiff cannot maintain a claim against Defendant for a third-party's actions.[1]

---

[1] Much of Defendant's Motion revolves around the idea that Plaintiff's status as an ADA "tester" should not be encouraged, that she filed this lawsuit to obtain attorney fees, and that she is a serial litigator, having filed more than 400 *very* similar lawsuits. *See, e.g.,* (Mot., Dkt. 8, at 1) ("She has filed countless similar lawsuits against other hotels, and each of these complaints contain the exact same vague allegations concerning the purported inaccessibility of each website.").

The Court however, agrees with Judge Xavier Rodriguez, that "the fact that a disabled plaintiff in a Title III case is a tester does not change the analysis or outcome." *See Betancourt v. Ingram Park Mall, L.P.*, 735 F. Supp. 2d 587 (W.D. Tex. 2010) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982)). While the Court agrees there are *certainly* doubts as to Plaintiff's status as a "tester" in good faith (*see Deutsch v. Abijaoude*, No. A-15-CV-975 LY, 2017 WL 913813, at *5 (W.D. Tex. 2017) (discussing the frequency with which the plaintiff there filed similar suits

### b. Application

As it must, the Court first considers whether Plaintiff has standing to bring these claims against Defendant. *See Crenshaw-Logal*, 436 Fed. Appx. at 308 ("When a motion to dismiss for lack of jurisdiction is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.") (internal citations omitted).

In challenging Plaintiff's standing to bring a claim, Defendant challenges all three prongs of the *Lujan* test; that is, Defendant argues that Plaintiff has not an injury-in-fact, that any injury can be traced to Defendant's actions, or that she has suffered a harm that can be redressed by a favorable decision. *See* (Mot., Dkt. 8, at 13–26). The Court begins with Injury-in-Fact.

Defendant argues that Plaintiff has not suffered an injury-in-fact, as described by the Supreme Court in *Lujan*. Defendant argues that no injury-in-fact exists because there are no "allege[d] facts giving rise to an inference that [Plaintiff] will suffer future discrimination by the defendant." *See* (Mot., Dkt. 8, at 16) (citing *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). More specifically, because Plaintiff has not alleged "that she ever attempted to visit any physical Defendant location and does not even assert that she intends to ever visit Defendant in the future," she cannot have suffered an injury-in-fact. Defendant cites to a number of cases for the proposition that speculative intentions to visit a place of public accommodation cannot establish standing under Title III. *See* (Mot., Dkt. 8, at 16) (citing *Kennedy v. Beachside Commercial Properties, LLC*, 732 Fed. Appx. 817, 822 (11th Cir. 2018); *Ault v. Walt Disney World Co.*, No. 6:07-CV-1785-ORL-31-KRS, 2008 WL 490581, at *2 (M.D. Fla. Feb. 20, 2008)).

---

and the failure to give pre-suit notice to defendants)), the Court will conduct its analysis without regard to the frequency with which Plaintiff files similar lawsuits.

In response, Plaintiff asserts that Defendant is misapplying the law—Plaintiff argues that a disabled person who suffers discrimination from an online reservations system has standing without regard to whether they *also* intend to book a room at the hotel or whether they *also* encounter discriminatory conditions at the physical premises. *See* (Resp., Dkt. 12, at 9). In support of this notion, Plaintiff notes that the ADA forbids discrimination in the full enjoyment of a hotel's "services." *See id.* (citing 42 U.S.C. § 12182(b)(2)(A)). Plaintiff argues that a website is a "service" of a hotel. *See id.* (citing *Haynes v. Dunkin Donuts, LLC*, 741 Fed. Appx. 752, 754 (11th Cir. 2018)). Plaintiff also points to *PGA Tour v. Martin*, 532 U.S. 661, 678–79 (2001), in which the Supreme Court rejected the notion that a plaintiff had no standing to sue unless he was a "client or customer" of the place of public accommodation.

Although the Fifth Circuit has yet to decide this issue, Defendant cites to the Eastern District of New York, which found that a plaintiff did not have standing where he alleged discrimination upon visiting a website for a hotel he did not intend to visit. *See Rizzi v. Hilton Domestic Operating Co., Inc.*, No. CV 18-1127, 2019 WL 5874327 (E.D.N.Y. July 18, 2019). In *Rizzi*, the court found that where a plaintiff had not described the "barriers" he encountered on the website and how he was impacted by those barriers, his allegations were "conclusory" and "lack specificity, and without more, preclude a reasonable inference that Plaintiff suffered injury under the ADA at any specifically identifiable time in the past." *Id.* at *5. The *Rizzi* court continued, "[i]n short, a plaintiff who does not allege a personal encounter with conditions in violation of the ADA has failed to allege a direct injury." *Id.*

Plaintiff's two responses to this idea—that being a customer or client is not required to allege an ADA violation, and that the Supreme Court has held, generally, that it is possible to sue over informational violations created by statute—do not overcome decades of federal law

requiring a concrete and particularized injury to establish standing. *See* (Resp., Dkt. 12, at 11, 14). Nor does Plaintiff's attempt to stitch together an alternative understanding of "injury-in-fact" overcome the requirement to establish a concrete or particularized threat of future injury by demonstrating likelihood of returning to an area.[2] When determining likelihood to return, Courts typically consider four factors. *See Deutsch v. Abijaoude*, 2017 WL 913813, at *2–3. They are: "(1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definiteness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Id.* The Court must judge likelihood of return at the time suit was filed, and post-suit attempts to bolster standing cannot help. *Id.* at *3 (citing *Access 4 All*, 2005 WL 2989307, at *3).[3]

Here, Plaintiff's residence is around 1060 miles from Defendant's business, Plaintiff does not claim to have ever visited Defendant's business before, Plaintiff has not provided any evidence suggesting future plans to visit,[4] and Plaintiff has not provided any evidence suggesting she visits Caldwell, Texas frequently. The *Deutsch* court held that finding standing where the plaintiff "ha[d] a pattern of suing randomly selected business with which [he] had little or no

---

[2] *See D'Lil v. Stardust Vacation Club*, No. CIV-S-00-1496DFL, 2001 WL 1825832, at *3 (E.D. Cal. Dec. 21, 2001) (laying out four factors to consider when analyzing a plaintiff's likelihood of returning to an area); *Gilkerson v. Chasewood Bank*, 1 F. Supp. 3d 570, 594 (S.D. Tex. Feb. 27, 2014) (same); *Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd.*, No. 3:05-CV-1307-G, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005) (same); *Davis v. American Nat'l Bank of Tex.*, No. 4:12-CV-382, 2012 WL 7801700, at *6 (E.D. Tex. Dec. 11, 2012) (same); *Reviello v. Philadelphia Fed. Credit Union*, No. 12-508, 2012 WL 2196320, at *4 (E.D. Pa. June 14, 2012) (same); *Deutsch v. Abijaoude*, No. A-15-CV-975 LY, 2017 WL 913813, at *2–3 (W.D. Tex. 2017) (same).

[3] Here, Plaintiff has advocated for the "broader" understanding of the constitutional standing requirement applied by Judge Xavier Rodriguez in *Betancourt*. *See Betancourt*, 735 F. Supp. 2d 587, 604. Under that theory, the risk of injury-in-fact is "not speculative, so long as the alleged discriminatory barriers remain in place, the plaintiff remains disabled, and the plaintiff is 'able and ready' to visit the facility once it is made compliant." *Id.* at 604. However, even applying this broader theory, the plaintiff must still prove "that they would like to visit the building in the imminent future but for [the discriminatory] barriers." *See Deutsch*, 2017 WL 913813, at *3 (analyzing Judge Xavier's "broader" theory). As a result, the Court is of the opinion that no theory present in the Fifth Circuit precludes an analysis of whether the Plaintiff is likely to return to the Defendant's business.

[4] Plaintiff claims she intends to "visit Texas" when the coronavirus crisis abates. *See* (Resp., Dkt. 12, at 21). In addition to being a baseless "I intend to" statement, this is also much more generic than a plan to visit Caldwell, to visit Burleson County, or even to visit *Central* Texas.

prior relationship, and no plans of creating one in the future . . . would be to stretch the notion of standing past the breaking point." *Deutsch*, 2017 WL 913813, at *5.

The Court concludes that Plaintiff has failed to establish that she intends to patronize the Sunset Inn in Caldwell, Texas. Rather, it appears that her and her attorney's sole intent in this litigation is to bully the Defendant into handing over as much money as possible, completely without a relationship with the business. Therefore, the Court finds that Plaintiff has failed to demonstrate an "actual or imminent" injury that is not merely "conjectural or hypothetical," or that she has "concrete plans" to patronize the business in the future. Plaintiff has no standing, and the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Having concluded that Plaintiff has not alleged an injury-in-fact, the Court does not need to consider the remaining elements of standing or the 12(b)(6) motion.

### c. Attorney's Fees

Defendant requests that it be granted reasonable attorneys' fees and costs. *See* (Mot., Dkt. 8, at 25). 28 U.S.C. § 1919 states that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs. 28 U.S.C. § 1919. "Section 1919 is permissive, allows the district court to award 'just costs' and does not turn on which party is the 'prevailing party.'" *Deutsh*, 2017 WL 913813, at *6. The Court finds that it is appropriate that Defendant be awarded its attorneys' fees and costs.

### III. CONCLUSION

For the reasons described herein, the Court enters the following orders.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. 8) is **GRANTED**. Final judgment will be entered accordingly.

**IT IS FURTHER ORDERED** that Defendant is to be awarded its Costs and Reasonable Attorneys' Fees.

SIGNED this 30th day of September, 2020.

JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE