*Ex 1*

**Newark GardenHotel <gardenhotelnewark@gmail.com>**

---

## 3388- Laufer v. Newark Hotels, Inc.
1 message

---

**Tristan Gillespie** <gillespie.tristan@gmail.com>                     Mon, May 11, 2020 at 10:12 AM
To: gardenhotelnewark@gmail.com, Thomas Bacon <tbb@thomasbaconlaw.com>

Dear Mr. Scheer,

Thank you for your Answer to the Complaint. I am looking forward to working with you on this case. We are interested in resolving the above-referenced matter to avoid further expenditure of costs and fees. In this regard, we offer three options:

A. We would be willing to enter into a settlement agreement with the defendant agreeing to bring its website into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1) as it pertains to the property identified in the Complaint. Defendant shall have 24 months to comply and must maintain the website in compliant condition. Plaintiff will agree to a notice/opportunity to cure period of 180 days and the plaintiff will release all claims or potential claims pertaining to both the subject website and physical aspects of the physical property identified in the Complaint. In exchange for these significant compromises, and for past, present and anticipated future costs, expenses and attorney time, Defendant will pay the sum of $10,000.00, plus $1000 in statutory damages to Ms. Laufer.

B. In the alternative, we would be willing to settle for $6,500.00, plus $1000 in statutory damages to Ms. Laufer. The defendant must agree to bring its website into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1) within 12 months and maintain it in said condition. There will be no notice/opportunity to cure clause and the release will be limited to the subject website. Plaintiff will not release any claims or potential claims pertaining to the physical aspects of the subject property.

C. As a third alternative, we would be willing to let the court determine the amount of attorney fees, costs and litigation expenses. This would require that the parties enter into a consent decree, conditioned on the court approving and retaining jurisdiction to enforce, per our form. The defendant must agree to bring its website into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1) within 12 months and maintain it in said condition. There will be no notice/opportunity to cure clause and the release will be limited to the subject website. Plaintiff will not release any claims or potential claims pertaining to the physical aspects of the subject property.

Please don't hesitate to call me anytime.

Sincerely,

Tristan


Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel: 404.276.7277
gillespie.tristan@gmail.com