

  

Home / Browse Decisions / STROJNIK v. KAPALUA LAND COMPANY LTD

# STROJNIK v. KAPALUA LAND COMPANY LTD

Civ. No. 19-00077 SOM-KJM.

Email | Print | Comments (0)

**View Case**    Cited Cases

PETER STROJNIK, Plaintiff, v. (1) KAPALUA LAND COMPANY LTD dba THE KAPALUA VILLAS MAUI (Defendant 1); (2) RICHARD RAND and MARR JONES WANG, a Limited Liability Partnership (Defendant 2), Defendants.

United States District Court, D. Hawaii.

August 26, 2019.

**Editors Note**
Applicable Law: 42 U.S.C. § 12101
Cause: 42 U.S.C. § 12101 Violation of Americans with Disabilities Act
Nature of Suit: 446 Civil Rights: Americans with Disabilities - Other

*Source: PACER*

*Attorney(s) appearing for the Case*

Peter Strojnik, Plaintiff, pro se.

Richard Rand, Defendant, represented by Megumi Sakae , Marr Jones & Wang.

Richard M. Rand, Defendant, pro se.

Marr Jones Wang, a limited Liability Partnership, Defendant, represented by Megumi Sakae , Marr Jones & Wang & Richard M. Rand , Marr Jones & Wang.

## FINDINGS AND RECOMMENDATION TO DISMISS ACTION

**KENNETH J. MANSFIELD**, *Magistrate Judge*.

Plaintiff Peter Strojnik ("Plaintiff") filed a Notice of Withdrawal of FAC and Motion for Leave to Amend Complaint on May 6, 2019 ("Motion for Leave"), ECF No. 31, requesting leave to amend his February 13, 2019 complaint ("Complaint") filed against Kapalua Land Company LTD dba the Kapalua Villas Maui ("Kapalua") and Kapalua's counsel, Richard Rand and Mr. Rand's law firm, Marr Jones & Wang, a limited liability partnership (collectively, "Law Defendants"). *See* ECF No. 1. Plaintiff's Motion for Leave seeks to add Outrigger Hotels and Resorts aka Outrigger Enterprises Group ("Outrigger") as a defendant because Plaintiff believes that Outrigger owns the property that Plaintiff alleges is in violation of the Americans with Disabilities Act in his proposed First Amended Complaint. ECF No. 31 at 1. Law Defendants filed their opposition on May 24, 2019 ("Opposition"). *See* ECF No. 35. Plaintiff did not file a reply.

The Court elected to decide this matter without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion, the Opposition, the record in this case, and the applicable case law, the Court DENIES the Motion for Leave, and FINDS and RECOMMENDS that the district court dismiss this action for the reasons stated in this order.

## BACKGROUND

The district court provided the salient facts in this case in its May 8, 2019 Order Granting Defendants Richard Rand and Marr Jones & Wang LLP's Motion to Dismiss ("May 8, 2019 Order"). *See* ECF No. 32. Briefly stated, Plaintiff alleged claims in his Complaint against Kapalua in connection with a website that provided reservation services for a lodging business purportedly owned by Kapalua in Lahaina, HI ("Property"). *See* ECF No. 25 at 2. Plaintiff has never visited the Property; however, Plaintiff alleged he was deterred from visiting the Property because the third-party hotel booking website at issue failed to sufficiently describe various accessible and inaccessible elements at the Property. ECF No. 4.

Plaintiff alleged five counts against Kapalua, including a claim under: (1) 42 U.S.C. Chapter 126, the Americans with Disabilities Act ("ADA"); (2) Hawaii Revised Statutes ("HRS") Chapter 489; (3) Restatement (Second) of Torts § 551 for "nondisclosure"; (4) HRS Chapter 480 for consumer fraud; and (5) Hawaii law for negligence per se. *See* ECF No. 1. In addition, Plaintiff alleged one count against Law Defendants for their alleged violation of 42 U.S.C. § 12203(b) and 28 C.F.R. § 36.206, in connection with certain letters exchanged between Law Defendants and Plaintiff, in which Mr. Rand allegedly threatened to contact the Arizona State Bar regarding Plaintiff's claims against Kapalua. ECF No. 32 at 4. Plaintiff was formerly a licensed attorney with the Arizona State Bar. ECF No. 25 at 26.

On March 15, 2019, Kapalua filed a motion for summary judgment requesting judgment in its favor as to all claims brought by Plaintiff in his Complaint. *See* ECF Nos. 8-9. Law Defendants filed a motion to dismiss on the same day, requesting dismissal of all claims brought by Plaintiff against them in Plaintiff's Complaint. *See* ECF No. 11. On April 26, 2019, Plaintiff and Kapalua stipulated to dismiss with prejudice all claims against Kapalua, which was approved by the district court on April 26, 2019. *See* ECF No. 22.

On April 29, 2019, Plaintiff filed a First Amended Complaint ("FAC"). The district court filed an order regarding the propriety of the FAC on May 1, 2019, prompting Plaintiff to subsequently file his Motion for Leave on May 6, 2019, in which Plaintiff simultaneously seeks to withdraw the FAC and obtain leave to file the same FAC. *See* ECF No. 31.

On May 8, 2019, the district court granted Law Defendants' motion to dismiss ("May 8, 2019 Order"). *See* ECF No. 32. The district court concluded that Law Defendants did not violate § 12203 or 28 C.F.R. § 36.206. Specifically, the district court concluded that the Complaint did not allege a § 12203 injury as required under the Ninth Circuit decision in *Brown v. City of Tuscon,* 336 F.3d 1181, 1192 (9th Cir. 2003) (holding that "conclusory allegations— without more— are insufficient to state a violation of [42 U.S.C. § 12203]"; rather, "[a]n ADA plaintiff must also demonstrate that [he] has suffered a `distinct and palpable injury' as a result of the threat") (quoting *Walker v. City of Lakewood,* 272 F.3d 1114, 1123 (9th Cir. 2001)). ECF No. 32 at 14-16. The district court declined to dismiss Plaintiff's Complaint, however, finding that it was "not clear that amendment would be futile at this point." ECF No. 32 at 17. The district court referred the Motion for Leave to this Court, explicitly providing that the district court "does not here indicate whether that motion should be granted." *Id.* at 18.

Plaintiff filed a Motion for New Trial Under Rule 59 and Motion for Relief under Rule 60 and Motion to Clarify on May 23, 2019, which the district court denied on June 17, 2019. *See* ECF Nos. 36, 38.

## DISCUSSION

As explained by the district court, "[i]n the usual case, [the district] court freely grants leave to file amended complaints that cure deficiencies. Leave to amend may be denied, [however,] when further amendment would be futile." ECF No. 32 at 17 (citing *Leadsinger, Inc. v. BMG Music Pub.,* 512 F.3d 522, 532 (9th Cir. 2008); *Gardner v. Martino,* 563 F.3d 981, 990 (9th Cir. 2009)). "For purposes of assessing futility on [a motion for leave to amend], the legal standard is the same as it would be on a motion to dismiss under FRCP 12(b)(6)." *Green v. Mercy Hous., Inc.,* No. C 18-04888 WHA, 2019 WL 1255020, at *1 (N.D. Cal. Mar. 19, 2019) (citing *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds by *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.")).

Plaintiff's proposed FAC alleges that the third-party website at issue ("the Website") disclosed the general availability and description of the Property. ECF No. 25 at 3. Plaintiff asserts that the Website failed, however, to identify and describe mobility-related accessibility features and guest rooms with enough detail to reasonably permit Plaintiff to independently assess whether the Property met his accessibility needs. *Id.* at 4. Plaintiff contends that this failure constitutes a violation of the ADA and Hawaii law, *i.e.,* HRS Chapter 489, nondisclosure, HRS Chapter 480, and negligence per se. Plaintiff's proposed FAC also re-alleges his claim against Law Defendants for their alleged violation of § 12203 and 28 C.F.R. § 36.206. *Id.* at 14.

For the reasons discussed in this order, the Court finds that the federal claim in Plaintiff's proposed FAC is legally insufficient, and thus, would be unable to withstand a Federal Rule of Civil Procedure 12(b)(6) motion. Accordingly, permitting Plaintiff leave to file his proposed FAC would be futile. *See Ill. Nat'l. Ins. Co. v. Nordic PLC Constr., Inc.,* No. CIV. 11-00515 SOM-KSC, 2013 WL 1337007, at *5 (D. Haw. Mar. 28, 2013) ("When a court denies leave to amend on the ground of futility, it means that the court has reached the legal conclusion that the amended complaint could not withstand a Rule 12(b)(6) motion."). In addition, given the lack of original jurisdiction, the Court FINDS and RECOMMENDS that the district court also dismiss the state law claims for lack of jurisdiction.

### I. Claim Against Law Defendants

First, the Court finds that further amendment of Plaintiff's § 12203 claim against Law Defendants is futile. It is unlawful under § 12203 to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of" any right granted or protected by the ADA. 42 U.S.C. § 12203(b). 28 C.F.R. § 36.206 mirrors § 12203. Both Plaintiff's Complaint and his proposed FAC allege that Law Defendants violated § 12203(b) and 28 C.F.R. § 36.206 in a February 11, 2019 letter Mr. Rand sent in response to an email Plaintiff sent to Mr. Rand. ECF No. 25 at 15-16.

The district court issued its May 8, 2019 Order before Plaintiff filed his Motion for Leave. The district court analyzed the correspondence exchanged between Plaintiff and Law Defendants in the May 8, 2019 Order and explained to Plaintiff the deficiencies with his claim against Law Defendants. Specifically, the district court found that no threat was included in the correspondence in which Plaintiff alleges Law Defendants threatened "to file charges against Plaintiff with the Arizona State Bar for Plaintiff's exercise of his rights under the ADA." ECF No. 1 at 14 ¶ 79.

Plaintiff did not, however, make any amendments to his claim against Law Defendants, despite the district court's findings in the May 8, 2019 Order. Plaintiff fails to point to any other facts indicating that Law Defendants interfered with Plaintiff's exercise of his rights or that Law Defendants intimidated or coerced Plaintiff into refraining from exercising his rights. Moreover, Plaintiff did not file another motion for leave to amend the Complaint to cure the deficiencies identified by the district court, namely, to submit further facts demonstrating Law Defendant's alleged "threats." Finally, Plaintiff affirmatively declined to address any of Law Defendants' arguments in their Opposition regarding the deficiencies with Plaintiff's allegations relating to Law Defendant's violation of § 12203 claim. *See* ECF No. 39 ("Plaintiff has reviewed Defendants Richard M. Rand and Marr Jones & Wang LLP's Memorandum in Opposition to Plaintiffs Motion for a New Trial (Doc 37) and has concluded, respectfully, that a Reply Brief would be superfluous; therefore, Plaintiff will not submit one.").

Plaintiff does not allege any additional facts in his Motion for Leave or his proposed FAC supporting the existence of a "distinct and palpable injury" that the district court concluded Plaintiff is required to demonstrate under § 12203. Accordingly, the § 12203 claim against Law Defendants could not withstand a Rule 12(b)(6) motion. Permitting Plaintiff leave to file his FAC against Law Defendants would thus be futile.

## II. Plaintiff's ADA Claims Against Outrigger

Title III of the ADA prohibits discrimination in places of public accommodation on the basis of disability. To wit, "any person who owns, leases (or leases to), or operates a place of public accommodation" must provide "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[.]" 42 U.S.C. § 12182(a). The accompanying regulations related to reserving places of lodging, 28 C.F.R § 36.302(e), requires that a "public accommodation that owns, leases (or leases to), or operates a place of lodging" must comply with a number of requirements "with respect to reservations made by any means," including when such reservations are made through a third-party.[1] In particular, § 36.302(e)(1)(ii) requires that public accommodations "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."

Plaintiff alleges that Outrigger violated § 36.302(e) by failing to disclose and describe the inaccessible elements of the Property. ECF No. 25 at 4-5. Plaintiff contends that the "gist of the requirement of 28 C.F.R. § 28.302(e) [sic] is the requirement that a place of lodging, such as [Outrigger's Property], disclose both the accessible elements but, more importantly, inaccessible elements of the place of lodging." ECF No. 1 at 4. Plaintiff asserts that, "without a description of inaccessible mobility elements, [Outrigger] fails to comply with 28 C.F.R. § 28.302(e) [sic] as a matter of law," and is thus in violation of the ADA. *Id.* The Court disagrees.

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). To prevail on an ADA, Title III discrimination claim, the plaintiff must show that "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007).

Plaintiff sufficiently alleges that he is an individual with a disability; however, there are several deficiencies with Plaintiff's proposed FAC. First, Plaintiff fails to allege sufficient facts demonstrating that Outrigger is a proper defendant in this action. Second, the Court finds that Plaintiff fails to state an ADA claim because (1) the Website is not a "place of public accommodation" pursuant to Ninth Circuit case law, and (2) Plaintiff fails to allege sufficient facts supporting his claim that the Website's alleged violations denied Plaintiff "full and equal enjoyment" of the Property's goods, services, facilities, or privileges. Third, the Court finds that Plaintiff does not have standing to proceed in this action. Finally, the Court finds that this district court is not the proper venue for Plaintiff's claims.

### A. Outrigger as a Defendant

Plaintiff's ADA grievances are related to the Website's failure to "identify and describe mobility related accessibility features and guest rooms offered through the [Website's] reservations service in enough detail to reasonably permit Plaintiff to assess independently" whether the Property met his accessibility needs. ECF No. 25 at 3-4. Plaintiff contends in his Motion for Leave that "subsequent events required the correction" of the Complaint, namely to substitute Outrigger as the entity that "owned, operated, leased or leased [sic]" the Property. ECF No. 31 at 2. Plaintiff provides no other details regarding Outrigger's connection with the Website.

Indeed, nothing in Plaintiff's Complaint nor the exhibits allow this Court to draw the reasonable inference that Outrigger is the entity responsible for the Website's alleged ADA violations. Instead, it appears that Hotels.com, L.P., a third-party lodging booking service, is the entity responsible for the Website. *See* https://www.hotels.com/hotel-deals/about-us/ ("Hotels.com, L.P. is part of the EXPEDIA GROUP of travel companies.\* Hotels.com, L.P. headquarters are located at 5400 LBJ Freeway, Suite 500, Dallas, Texas 75240, USA."). Plaintiff in fact attaches to his proposed FAC, screenshots from www.hotels.com ("hotels.com") instead of an Outrigger website. *See* ECF No. 25 at 17-22; *c.f. Lee v. City of L.A.,* 250 F.3d 668, 688 (9th Cir. 2001) ("[A] court may consider `material which is properly submitted as part of the complaint' on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. . . . If the documents are not physically attached to the complaint, they may be considered if the documents' `authenticity . . . is not contested' and `the plaintiff's complaint necessarily relies' on them.") (quoting *Branch vs. Tunnell,* 14 F.3d 449, 453 (1994) overruled on other grounds by *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998)).

Because neither his Motion for Leave nor his proposed FAC alleges facts sufficient to establish that Outrigger is indeed liable for the Website's alleged ADA violations, the Court DENIES Plaintiff leave to file the proposed FAC to add Outrigger as a defendant. *See Evans v. Mass. Nurses' Ass'n,* No. CIV. 13-00272 SOM, 2013 WL 3731104, at \*1 (D. Haw. July 12, 2013) (explaining that only a complaint that "states a plausible claim for relief" survives a Rule 12(b)(6) motion to dismiss, and to state such a claim, "the complaint must, at a minimum, plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In addition, the Court notes that Part 36 of the Americans with Disabilities Act, Title III regulations issued by the Department of Justice, explicitly provides that hotels or other places of lodging will not be responsible for failures of third-party services to provide information to people with

> Hotels and other places of lodging that use third-party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms. To the extent a hotel or other place of lodging makes available such rooms and information to a third-party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with this section, the hotel or other place of lodging will not be responsible.

Department of Justice, Americans with Disabilities Act Title III Regulations: Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, current as of January 17, 2017; also available online at https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm#anchor3 508 ("DOJ ADA Guidance"); *see also Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *4 (N.D. Cal. Feb. 16, 2017) (taking judicial notice of the DOJ ADA Guidance as it is "a publication by a federal agency . . . `capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'") (quoting *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 978 n.2 (9th Cir. 2007) (taking notice of a government publication)). Accordingly, even if Plaintiff were to amend his Complaint, any allegations against Outrigger concerning the Website's alleged ADA violations would be futile.

## B. Stating a Claim Under Title III of the ADA

As explained previously in this order, in addition to showing that he is disabled within the meaning of the ADA, Plaintiff is required to show that the defendant is a private entity that owns, leases, or operates a place of public accommodation and that the defendant denied Plaintiff public accommodations because of his disability. The Court finds that Plaintiff fails to plausibly allege that the Website constitutes a public accommodation and that Outrigger discriminated against him because his disability.

### 1. Place of Public Accommodation

The Ninth Circuit's definition of "public accommodation" is narrower than that of other courts. *See Jancik v. Redbox Automated Retail,* LLC, No. SACV 13-1387-DOC (RNBx), 2014 WL 1920751, at *8 (C.D. Cal. May 14, 2014) ("This Court is bound by Ninth Circuit precedent . . . . Therefore, it must apply Ninth Circuit law as it stands now, following the lead of other district courts sitting in the Ninth Circuit that have applied the narrow definition of "place of public accommodation."); *Nat'l Fed'n of the Blind v. Target Corp.,* 452 F.Supp.2d 946, 952 (N.D. Cal. 2006) ("The Ninth Circuit has declined to join those circuits which have suggested that a `place of public accommodation' may have a more expansive meaning."). The Ninth Circuit has concluded that the ADA covers only "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Weyer v. Twentieth Century Fox Film Corp.,* 198 F.3d 1104, 1114 (9th Cir. 2000). A website may also constitute a place of public accommodation in this circuit; however, the website must have a sufficient nexus to a physical place of public accommodation to qualify as a "place of public accommodation" under the ADA. *See, e.g., Robles v. Domino's Pizza, LLC,* 913 F.3d 898, 905 (9th Cir. 2019) (concluding that Domino's website is a "place of public accommodation" because "Domino's website and app facilitate access to the goods and services of a place of public accommodation— Domino's physical restaurants"); *Young v. Facebook, Inc.,* 790 F.Supp.2d 1110, 1115 (N.D. Cal. 2011) (rejecting a blind plaintiff's ADA claim that Facebook's website was a place of public accommodation because, "[w]hile Facebook's physical headquarters obviously is a physical space, it is not a place where the online services to which [plaintiff] claims she was denied access are offered to the public.").

Here, the Website is not a physical place. Nor does Plaintiff allege any facts establishing that the services the Website denied him has any nexus to the actual Property. One of the problems with Plaintiff's proposed FAC is that, unlike hotel operators that provide websites that directly connect customers to its physical facility, hotels.com is a third-party entity that connects customers to numerous independent and major chain hotels and properties worldwide. https://www.hotels.com/hotel-deals/about-us/. Even assuming hotels.com has a physical place in connection with its website, the facts alleged in support of Plaintiff's ADA claim relate to his inability to obtain facts about the Property, not the goods and services provided at hotels.com's physical place. *See, e.g., Stoutenborough v. Nat'l Football League, Inc.,* 59 F.3d 580, 583 (6th Cir. 1995) ("The televised broadcast of football games is certainly offered through defendants, but not as a service of public accommodation. It is all of the services which the public accommodation offers, not all services which the lessor of the public accommodation offers which fall within the scope of Title III."); *Young,* 790 F. Supp. 2d at 1115 ("While the retail stores that sell Facebook gift cards may be places of accommodation, Young does not allege that Facebook, Inc. `owns, leases (or leases to) or operates' those stores. Facebook's internet services thus do not have a nexus to a physical place of public accommodation for which Facebook may be liable under the statute.").

The Court thus concludes that the Website is not a place of "public accommodation" within the meaning of § 12182(a) as defined by the Ninth Circuit. *See Weyer,* 198 F.3d 1104, 1114 (9th Cir. 2000) (opining that Title III's exhaustive list of "public accommodations" in 42 U.S.C. § 12181(7) list "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services"); *see also Gomez v. Bang & Olufsen Am., Inc.,* No. 1:16-CV-23801, 2017 WL 1957182, at *4 n.3 (S.D. Fla. Feb. 2, 2017) ("If Congress—recognizing that the internet is an integral part of modern society— wishes to amend the ADA to define a website as a place of public accommodation, it may do so. But the Court, having no legislative power, cannot create law where none exist."). Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

### 2. Denial of Full and Equal Enjoyment of Services or Facilities

In addition to Plaintiff's failure to allege sufficient facts to establish that the Website is a "place of public accommodation," Plaintiff's proposed ADA claim also fails because Plaintiff does not allege any facts establishing that the Website denied him full and equal enjoyment of Outrigger's facilities. Instead, Plaintiff alleges that he was unable to obtain information about "inaccessible" mobility elements of the Property from the hotels.com website; thus, he was unable to assess independently whether the Property met his accessibility needs and therefore, unable to "make reservations for accessible guest rooms available in the same manner as individual who do not need accessible rooms." ECF No. 25 at 4. Plaintiff misapplies ADA law.

"Title III prohibits discrimination in the enjoyment of the "`goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" *Ariz. ex rel. Goddard v. Harkins Amusement Enters.,* 603 F.3d 666, 671 (9th Cir. 2010). Title III does not, however, require "provision

of different goods or services, just nondiscriminatory enjoyment of those that are provided." *Id.* Thus, a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print." *Id.*

Similarly, the owner, lessor, lessee, or operator of a public accommodation must ensure that the accommodation is physically accessible to the disabled, but need not provide accommodations that treats the disabled equally with the non-disabled. *Id.* ("[A]n insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled."); *see also Gomez*, 2017 WL 1957182, at *4 (reasoning that "[a]ll the ADA requires is that, if a retailer chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the brick-and-mortar store").

Plaintiff nonetheless fails to plead factual content that allows the Court to draw the reasonable inference that Outrigger, or any other entity, denied Plaintiff full and equal enjoyment of the Property because of his disability. Plaintiff fails to cite to any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation. *Id.* at *3 ("To survive a motion to dismiss, Plaintiff must claim an actual (not hypothetical) impediment to the use of Defendant's retail location.").

In addition, there is a critical distinction "between an inability to use a website to gain information about a physical location and an inability to use a website that impedes access to enjoy a physical location," the former being "insufficient to state a claim." *Price v. Everglades Coll., Inc.,* No. 6:18-cv-492-Orl-31GJK, 2018 WL 3428156, at *2 (M.D. Fla. July 16, 2018). The Court finds that, as a matter of law, Plaintiff's allegation that he was unable to use a third-party website to gain information about the Property neither establishes that the Website is a "place of public accommodation," nor does it establish that the Property discriminated against him because of his disability. *Id.* at *2 ("While a nexus is obviously a requirement, alleging the mere existence of some connection or link between the website and the physical location is not sufficient.") (footnote omitted).

Plaintiff's allegations are unrelated to any harm he actually suffered at the Property and even further, unrelated to an inability to use the Website to reserve a room at the Property because of the Website's functioning. *See, e.g., id.* ("[A] review of the Complaint reveals that the Plaintiff alleges only facts indicating that his ability to gain information about the location, rather than his access to enjoyment of the university itself, was compromised. . . . Plaintiff does not claim that he was unable to apply to the university, pay tuition, or use the student portal on the website."). The Court thus finds that Plaintiff fails to state a claim upon which relief can be granted.

### C. Standing

Plaintiff asserts that he is an ADA tester. ECF No. 25 at 1. The Ninth Circuit has indeed held that a plaintiff suing under Title III of the ADA may claim tester standing. *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.,* 867 F.3d 1093, 1102 (9th Cir. 2017). Plaintiff is not, however, excused from establishing Article III standing, which requires Plaintiff to establish that he suffered "an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 946 (9th Cir. 2011)). As explained above, Plaintiff fails to establish any injury.

Plaintiff alleges that he is deterred from visiting the Property based on his knowledge that the Property is not ADA or state law compliant. ECF No. 25 at 3. Plaintiff fails, however, to establish that anything on the Property is indeed not compliant with the ADA. Plaintiff does not allege any facts demonstrating any imminent injury or that there is an actual ADA violation on the Property. Thus, Plaintiff fails to allege any facts demonstrating that he was injured by Outrigger's alleged failure to comply with the ADA. *Hosp. Props. Tr.,* 867 F.3d at 1102 (finding that the plaintiffs had tester standing and had adequately alleged an injury-in-fact when they alleged that they were deterred from visiting the defendant's hotel because the defendant informed them that they provided shuttle service for its guests, but did not provide shuttle service for mobility impaired guests).

Plaintiff's proposed FAC lacks any facts indicating that Plaintiff suffered an injury-in-fact. Accordingly, this Court lacks jurisdiction to consider Plaintiff's ADA claim. *Harris v. Stonecrest Care Auto Ctr., LLC,* 472 F.Supp.2d 1208, 1220 (S.D. Cal. 2007) ("Because [the plaintiff] lacks Article III standing to pursue claims under Title III of the ADA, the Court lacks jurisdiction to hear this claim."). D. Venue

Plaintiff's alleged injury was that, because the Website failed to provide information about inaccessible elements of the Property, Plaintiff was deterred from visiting the Property. The alleged injury thus did not take place in Hawaii; it took place in Arizona. As explained by the district court in Arizona in two cases in which Plaintiff was counsel, "in cases involving `non-physical torts, courts generally hold that venue under section 1391(a)(2) is proper in the district where the injured party resides . . . .'" *Brooke v. Hotel Inv. Grp., Inc.,* No. 2:17-CV-2527-HRH, 2017 WL 4124042, at *3 (D. Ariz. Sept. 18, 2017); *Brooke v. Regency Inn-Downey, LLC,* No. 2:17-cv-2115-HRH, 2017 WL 4124043, at *2 (D. Ariz. Sept. 18, 2017) (quoting *Capital Corp. Merchant Banking, Inc. v. Corp. Colocation, Inc.,* Case No. 6:07-cv-1626-Orl-19KRS, 2008 WL 4058014, at *3 (M.D. Fla. 2008)).

Plaintiff alleges that this district court has venue pursuant to 28 U.S.C. § 1391. The Court disagrees. Section 1391 provides that a civil action may be brought in a judicial district in which: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; or (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). As explained above, the Court finds that Outrigger is not a proper defendant. There is no evidence that hotels.com is located here in Hawaii. In addition, none of the events detailed in the proposed FAC occurred here in Hawaii. Indeed, Plaintiff alleges that he lives in Arizona and attempted to make reservations on a website. Based on Plaintiff's allegations, Plaintiff's proposed FAC is subject to dismissal for improper venue. *Regency Inn-Downey, LLC,* 2017 WL 4124043, at *2 (denying the defendant's motion to dismiss for improper venue because the plaintiff was in Arizona when she attempted to book a room reservation on defendant's website, and the alleged injury, plaintiff's inability to book an ADA-accessible room on defendant's website, took place in Arizona"). Accordingly, granting Plaintiff leave to amend his Complaint would be futile as this Court finds that the district of Hawaii is not the proper venue for Plaintiff's lawsuit, and no amendment could cure this defect.

### III. Dismissal of Federal Claims with Prejudice

This Court finds that the allegations in Plaintiff's proposed FAC are insufficient to state a claim against Law Defendants or Outrigger. Indeed, this Court finds that it is absolutely clear that the deficiencies of the proposed FAC cannot be cured by amendment. *Creamer v. Cty. of Kauai,* No. CV 16-00648 HG-KJM, 2018 WL 3469007, at *12 (D. Haw. July 18, 2018) (citing *Karim-Panahi v. L.A. Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint may not be cured by amendment.")).

Accordingly, this Court recommends that the district court dismiss Plaintiff's claims against Law Defendants and dismiss Plaintiff's ADA claim with prejudice. *Kamakeeaina v. City & Cty. of Honolulu,* No. CIV. 11-00770 SOM-RLP, 2012 WL 3113174, at *8 (D. Haw. July 31, 2012) ("Because Plaintiff was given leave to amend this claim before, and because even the excruciating detail in his original Complaint and FAC are insufficient to state an equal protection claim, it appears that amendment is futile. Plaintiff's equal protection claims are DISMISSED with prejudice."). *See also Wright v. Anthony,* 733 F.2d 575, 577 (8th Cir. 1984) ("Here, the complaint on its face shows that no cause of action can be stated against the defendants and that a dismissal with leave to amend would serve no useful purpose. Therefore, the district court clearly was acting within its discretion in dismissing the complaint with prejudice.").

## IV. Hawaii State Claims

Because this Court recommends that the district court dismiss Plaintiff's federal claim with prejudice, the Court finds that declining jurisdiction over the state claims is proper in this instance. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The Court finds that this district court lacks original jurisdiction over the state claims alleged in Plaintiff's proposed FAC. Accordingly, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's remaining state claims for lack of jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 558 (2005) ("[28 U.S.C. §] 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction.").

## CONCLUSION

The Court finds that Plaintiff fails to state a claim against Law Defendants and fails to state a claim under Title III of the ADA. The Court finds that granting Plaintiff leave to amend his complaint would be futile and thus, DENIES Plaintiff's Motion for Leave and FINDS and RECOMMENDS that the district court DISMISS WITH PREJUDICE Plaintiff's federal claims and DISMISS WITHOUT PREJUDICE Plaintiff's Hawaii state claims for lack of original jurisdiction. *JJCO, Inc. v. Isuzu Motors Am., Inc.,* No. CV 08-00419 SOM-LEK, 2009 WL 3818247, at *2 (D. Haw. Nov. 12, 2009) ("A magistrate judge's jurisdiction to enter an order, rather than to issue recommendations to the district court, is dependent on whether the matter before that magistrate judge is characterized as dispositive or nondispositive of a claim or defense of a party. . . . The court must look to the `effect of the motion' to determine whether it is dispositive or nondispositive of a claim or defense of a party.'") (quoting *United States v. Rivera-Guerrero,* 377 F.3d 1064, 1068 (9th Cir. 2004)).

IT IS SO FOUND AND RECOMMENDED.

## FootNotes

1. (1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—

> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type . . . .

28 CFR § 36.302(e).

## Comment

Your Name

Your Email

Comments

Submit

**1000** Characters Remaining

Leagle.com reserves the right to edit or remove comments but is under no obligation to do so, or to explain individual moderation decisions.

Copyright © 2019, Leagle, Inc.  |  Disclaimer  |  Terms of Use  |  Privacy Statement  |  Corporate Social Responsibility  |  About Us  |  Contact Us