NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
ALBERTO HERNANDEZ,                  :
                                    :
        Plaintiff,                  :
                                    :    Civil No. 19-06090 (RBK/KMW)
        v.                          :
                                    :    **OPINION**
CAESARS LICENSE COMPANY, LLC,       :
entity, d/b/a, HARRAH'S RESORT      :
ATLANTIC CITY                       :
                                    :
        Defendants.                 :
_____ :

**KUGLER**, United States District Judge:

      This matter comes before the Court on Defendant Caesars License Company, LLC's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) for Lack of Article III Standing/Subject Matter Jurisdiction and F.R.C.P. 12(b)(6) for Failure to State a Claim upon Which Relief Can Be Granted (Doc. No. 10). Plaintiff, an individual with disabilities, alleges that Defendant, a hotel operator, maintains a website in violation of the Americans with Disabilities Act, Title III, 42 U.S.C. § 1281 *et seq.* ("ADA"). Defendant contends that Plaintiff lacks constitutional standing to bring this suit. After fully evaluating the allegations in Plaintiff's Amended Complaint, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.    BACKGROUND**

      Plaintiff initiated this lawsuit on February 18, 2019 by filing a Complaint (Doc. No. 1) alleging violations of 28 C.F.R. § 36.302(e)(1)(ii) and requesting declaratory and injunctive relief as well as attorney's fees. On May 22, 2019, Defendant filed their 12(b)(1) and 12(b)(6) Motion

1

to Dismiss. (Doc. No. 10). Plaintiff responded by filing an Amended Complaint on May 29, 2019 (Doc. No. 11 ("FAC")). Subsequently, Plaintiff filed his Opposition Brief (Doc. No. 12 ("Pl. Brief")) and Defendant filed a Reply (Doc. No. 15).[1]

**A. Allegations**

As alleged in the Amended Complaint, Plaintiff is a resident of Miami, Florida and a person with disabilities. (FAC. at ¶¶ 1–2). Plaintiff's leg was partially amputated after a car accident, leaving him unable to walk without the use of assistance devices and often reliant on a wheelchair. (*Id*. at ¶¶ 4–5, 14). As a result of his disability, Plaintiff can only visit facilities that have certain accessible features, such as handicap parking spaces, properly sloped routes, grab bars in restrooms, and wide doorways. (*Id*. at ¶¶ 6–15).

Plaintiff is an activist advocating for places of public accommodation to fully comply with the Americans with Disabilities Act, Title III, 42 U.S.C. § 1281 *et seq*. ("ADA"). (*Id*. at ¶¶ 16–18). Specifically, Plaintiff tests the websites of hotels and motels to see if they comply with a regulation enacted pursuant to the ADA, 28 C.F.R. § 36.302(e)(1)(ii). (*Id*.).

Defendant operates Harrah's Resort Atlantic City ("Harrah's), a place of public accommodation located in Atlantic County, New Jersey, and maintains a website for this property at https://www.caesars.com/harrahs-ac/hotel (the "Website"). (*Id*. at ¶¶ 19, 27). The Website provides information about the Harrah's features to prospective guests. (*Id*. at ¶¶ 28). Plaintiff tested the Website for ADA compliance by attempting to determine whether Harrah's has accessibility features to meet his disability needs based on the information on the Website. (*Id*. at ¶¶ 30). Plaintiff could not verify whether Harrah's meets his accessibility needs because the

---

[1] For reasons that surpass the Court's understanding, Plaintiff then filed another Opposition Brief (Doc. No. 16), to which Defendant filed another Reply (Doc. No. 17). Nothing in these briefs changes the Court's conclusion that Plaintiff lacks standing.

2

Website does not contain sufficient information about a number of the accessible features Plaintiff requires. (*Id*. at ¶ 31).

### B. Legal Background

The ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Hotels are places of public accommodation within the meaning of the statute. 42 U.S.C. § 12181(7)(A). 28 C.F.R. § 36.302(e)(1), enacted pursuant to the ADA, regulates "reservations made by any means" at places of public accommodation. Under this regulation, hotels must "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii).

Plaintiff alleges that the Website's non-disclosure of information on certain accessibility features prevents him from independently determining whether he could stay at Harrah's. (FAC at ¶¶ 32–35). As such, Plaintiff asserts that the Website violates Section 36.302(e).

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). On a motion under Rule 12(b)(1), it is the plaintiff who bears the burden of establishing subject-matter jurisdiction. *Gould Elec., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's

3

jurisdiction. *Gould Elecs.*, 220 F.3d at 176. On a facial attack, such as this one, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id*. (citing *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993)).[2]

## III. DISCUSSION

The key issue before the Court is whether Plaintiff has sufficiently alleged a concrete injury so as to have constitutional standing. The Court first turns to Plaintiff's claim of injury and concludes that it is not sufficiently concrete. Next, the Court addresses why this case differs from others in which courts found testers to have constitutional standing.

### A. Concrete Injury

The power of the federal judiciary to hear cases is limited to only those in which the Plaintiff has constitutional standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To have constitutional standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. To survive a motion to dismiss, the complaint must "clearly allege facts demonstrating each element." *Id*. (internal quotation omitted).

The first element, "injury in fact" requires the plaintiff to show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). To be concrete, the injury must be "'real," and not "abstract."

---

[2] Defendant also moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, asserting that there is no private right of action under 28 C.F.R. § 36.302(e)(1). Because the Court concludes that Plaintiff lacks standing, it does not address this issue.

4

*Spokeo*, 136 S. Ct. at 1548. Consequently, "a bare procedural violation" of a statute or regulation is insufficient to satisfy the injury-in-fact requirement. *Id*. at 1549; *see also Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 479 (3d Cir. 2018) (noting that a defendant's failure to have an ADA compliance policy is not enough by itself to establish concrete injury).

However, "intangible injuries can nevertheless be concrete." *Id*. The Court must consider two factors when evaluating the concreteness of an intangible injury: (1) "whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," and (2) whether Congress has "elevate[d] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id*. (internal quotations omitted).

Before the Court can proceed with the two-step inquiry laid out above, it must find that Plaintiff has actually alleged harm from Defendant's conduct. Plaintiff argues that Defendant has injured him by denying him the information he would need to independently determine if Defendant can meet his accessibility needs, disadvantaging him as compared to people without disabilities, who can independently determine whether they can stay at Harrah's based on the Website. (Pl. Brief at 7–8). This alleged injury is intangible both because it is a non-physical informational injury, and because Plaintiff, as a tester, has no actual interest in staying at Harrah's regardless of whether he could independently determine that it meets his accessibility needs. (FAC at ¶ 16–18).

"[I]ntangible informational injury cases fall into two general categories: first, cases involving affirmative disclosures of legally protected information; and second, cases involving 'unlawful denial of access to information subject to disclosure.'" *Murray v. Lifetime Brands, Inc.*, Civil Action No. 16-5016, 2017 WL1837855, at *3 (D.N.J. May 5, 2017). This case falls into the

5

second category, as Plaintiff alleges that Defendant fails to provide information it is required to by regulation.

The flagship opinion addressing this category of intangible injury is *FEC v. Akins*, 524 U.S. 11 (1998), and Plaintiff asserts that it is the "most analogous" case to his own, (Pl. Brief at 7). In *Akins*, a group of voters brought suit in order to challenge the Federal Election Commission's ("FEC") determination that the American Israel Public Affairs Committee ("AIPAC") was not a "political committee" under 2 U.S.C. § 431(4). *Id*. at 13–14. If the FEC had ruled AIPAC a political committee, AIPAC would have been required to comply with significant disclosure obligations. *Id*. at 15. The Supreme Court found that the voters were injured and consequently had standing because the non-disclosure impeded the voters' ability to "evaluate candidates for public office." *Id*. at 21; *see also Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989) (finding injury requirement satisfied where plaintiffs claimed that non-disclosure of judicial nominees' names limited their ability to "participate in the judicial selection process").

While *Akins* and *Public Citizen* confirm that non-disclosure of information can give rise to an injury-in-fact, they also show that non-disclosure is not an injury in and of itself. Rather, plaintiffs must show that an alleged non-disclosure actually harms them, as the plaintiffs in *Akins* and *Public Citizen* showed harm to the exercise of their political rights.

In this case, Defendant's alleged non-disclosure of accessibility information could conceivably harm a person with disabilities, provided that person was actually looking for a place to stay in Atlantic City. *See, e.g.*, *Juscinska v. Paper Factory Hotel, LLC*, 18-cv-8201 (ALC), 2019 WL 2343306 (S.D.N.Y. June 3, 2019) (denying motion to dismiss Section 36.302(e) claim where plaintiff visited hotel website "[i]n an effort to plan an upcoming 'stay-cation'"); *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, Case No. 17-cv-14363-Middlebrooks, 2018 WL

6

3387679, at *3 (S.D. Fla. May 23, 2018) (finding plaintiff had standing to bring Section 36.302(e) claim where it was undisputed that plaintiff intended to return to defendant's hotel's website to "to reserve a room at the Hotel or to test the Hotel's Website reservation system for its compliance with the ADA"). But Plaintiff is not such a person. He had no interest in staying at Harrah's. Rather, his sole interest in visiting the Website was to determine if it complied with the ADA, (FAC at ¶ 18), and there is no allegation that Defendant's conduct impeded him in that quest. Because Plaintiff cannot show harm stemming from Defendant's non-disclosure, he cannot show concrete injury.

### B. Tester Standing

Plaintiff correctly points out that testers have demonstrated concrete injury in other cases. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374 (1982) (finding African-American tester had standing to sue under the Fair Housing Act when employees of apartment complex "told her on four different occasions that apartment were not available . . . while informing white testers that apartments were available"); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332–33 (11th Cir. 2013) (finding tester with disabilities had standing to sue under the ADA when he encountered "architectural barriers" while visiting a supermarket). No one contests that testers may have standing to sue in certain circumstances. But these cases do not stand for the proposition that the plaintiff's motivations when interacting with the defendant are irrelevant to the injury-in-fact inquiry.[3] Rather, they are instances in which plaintiffs identified harm that did not depend on their motivations.

---

[3] In *Houston*, the court did state that the "legal right created by §§ 12182(a) and 12182(b)(2)(A)(iv) *does not* depend on the motive behind Plaintiff Houston's attempt to enjoy the facilities of the Presidente Supermarket." 773 F.3d at 1332. But the legal right the court identified was the "right to be free from discrimination on the basis of disability with respect to the full and equal enjoyment of the facilities of the Presidente Supermarket." *Id*. at 1332 (internal quotation omitted). As

7

In *Houston*, the plaintiff visited the defendant's supermarket and encountered architectural barriers. During his visit, he experienced the supermarket differently from how a tester without disabilities would have experienced it, in a detrimental way. Similarly, in *Havens Realty* the African American tester received misinformation about the availability of apartments while the white testers received correct information. That is, in both cases the plaintiffs actually experienced differential treatment based on a characteristic protected by statute.

The same is not true in this case. A tester without disabilities would have encountered the same difficulty in assessing the accessible features of Harrah's. Without an allegation that he was actually considering staying in Harrah's or that his experience accessing information on the Website was detrimentally different due to his disability, Plaintiff cannot demonstrate concrete injury.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED** and Plaintiff's Amended Complaint (Doc. No. 11) is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. An Order follows.

Dated: 10/04/2019 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

discussed below, given Plaintiff's motivations, he was not denied full and equal enjoyment of the Website. As such, this language in the *Houston* opinion is not actually in conflict with this Court's analysis.