UNITED STATES DISTRICT COURT
WESTERN DISTRICT PENNSYLVANIA

| | |
|---|---|
| SAIM SARWAR, | No. 2:20-cv-01393 CB |
| v. | |
| HOTELS AND STUFF, INC., et al, | |
| ------------------------------------------------------------ | |
| DEBORAH LAUFER, | No. 2:20-cv-01188-MRH |
| v. | |
| TRIBHUVAN REAL ESTATE LP, | |
| ------------------------------------------------------------ | |
| SAIM SARWAR, | No. 2:20-cv-01391-NR |
| v. | |
| MOHAMMAD, | |
| ------------------------------------------------------------ | |
| SAIM SARWAR, | No. 2:20-cv-01469-RJC |
| v. | |
| MILLENIUM HOTELS INC., | |
| ------------------------------------------------------------ | |
| DEBORAH LAUFER, | No. 3:20-cv-0177-RJC |
| v. | |
| KOVAKEN LLC, | |
| ------------------------------------------------------------ | |
| SAIM SARWAR, | No. 3:20-cv-00210 SLH |
| v. | |
| BEIDMAN, et al, | |
| Defendants. | |
| ------------------------------------------------------------ | |

**PLAINTIFFS' OPPOSITION TO MOTION TO CONSOLIDATE**

Plaintiffs, by and through undersigned counsel, hereby opposes the Motion To

Consolidate filed by Defendant Hotels And Stuff, Inc. ("Hotels and Stuff").

1

As explained more fully below, Hotels and Stuff and its counsel grossly misrepresent the facts and the law and their motion is completely frivolous and lacking in merit.

**I.      Introduction**

Sarwar and Laufer are disabled persons within the meaning of Title III of the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq. Hotels and Stuff owns and operates the Hiland Terrace Hotel located in Irwin Pennsylvania. It reserves rooms through an online reservations system ("ORS") and, as such, is required to comply with the Regulation promulgated at 28 C.F.R. Section 36.302(e)(1)("Regulation") by, inter alia, providing the same option for booking accessible rooms as for its other rooms and by identifying the accessible rooms, features within those rooms and features at the hotel to inform disabled persons whether or not those features are truly accessible. Sarwar visited Defendant's ORS and suffered discrimination because Defendant's ORS completely failed to comply with the Regulation in any respect. On September 15, 2020, Sarwar filed an action against Hotels and Stuff for injunctive relief to bring its ORS into compliance with the Regulation, and for attorney fees, costs and litigation expenses pursuant to 42 U.S.C. Sections 12188 and 12205. This action was filed in the United States District Court For The Western District Of Pennsylvania, No. 2:20-cv-01393-CB (Hereinafter "Original Case").

On October 21, 2020, Defendant Hotels and Stuff and its attorney, John Allen Roth, initiated Multi District Litigation action, entitled IN RE: Hotel Booking Access for Individuals with Disabilities Litigation, MDL No. 2978 involving 40 separate cases in multiple United States District Courts, including District Of Columbia, Middle District of Georgia, Northern District Of Georgia, Southern District Of Georgia, Central District Of Illinois, Southern District Of Illinois,

Massachusetts, Maryland, Maine, New Jersey, New York Northern District, Pennsylvania Western District, Texas Western District, Wisconsin Eastern, and the Western District of Pennsylvania.  and filed a motion to consolidate the Original Case with other unrelated cases that involve Title III ADA actions for ORS discrimination. These forty cases each involve a different defendant, different hotel, and different online reservations systems. Also, while some of the cases involved Sarwar, many other cases involved completely different plaintiffs who never filed any action against Hotels and Stuff.

Hotels and Stuff and Attorney Roth also filed a motion to consolidate in the above-referenced cases. For the reasons set forth below, their motion to consolidate must be denied.

## II.     The Original Case Against Hotels and Stuff Has Been Dismissed

On October 27, 2020, Sarwar filed a notice of voluntary dismissal of the Original Case (W.D.P.A. no. 2:20-cv-01393-CB). Therefore, there is no active case involving Hotels and Stuff. It is no longer a Defendant in anything and Mr. Roth does not represent any defendant in active litigation. Therefore, it has no interest in any of this litigation, or any other litigation. On this basis alone, its motion must be denied as moot.

## III.    Defendant Did Not Confer With The Other Defendants

John Allen Roth is the attorney for Hotels and Stuff. It does not appear that he represents any of the other defendants named in any of the other lawsuits. That includes any other lawsuits subject to the instant Motion To Consolidate as well as the 40 law suits listed in the Multi District Litigation. Mr. Roth filed a motion which appeared in the forty other cases in the Multi District Litigation as well as the other cases at issue in the instant motion, yet there is no indication that Mr. Roth never consulted or conferred with any of the other defendants or their

attorneys before he proceeded to file a motion that affected their interests and interfered with their litigation. Indeed, the undersigned was contacted by at least one defense attorney who had no knowledge of Mr. Roth's actions until after he was served with Defendant's motion. While some of those defendants have not yet retained counsel, many have their own attorneys. Mr. Roth is apparently attempting to usurp other defense attorneys by taking over representation of their clients.

In this regard, Mr. Roth is in violation of the local rules of virtually every district in which he filed his motion, including this District, as each district requires that an attorney meet and confer prior to filing a motion.

## IV. There Is No Common Question Of Law Or Fact

Hotels and Stuff and Attorney Roth fail to cite even a single authority to substantiate their specious legal representations. Instead, they merely list a number of baseless statements that completely misstate the law and facts.

Consolidation under Fed. R. Civ. P. 42(a)(2) requires common issues of law or fact. In *Grodko v. Cent. European Distrib. Corp.*, 2012 U.S.Dist. Lexis 160248, ** 21-23 (D.N.J. 2012), one court explained the standard.

> Common questions of law or fact do not necessitate consolidation: "The mere existence of common issues, however, does not require consolidation. . . . Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court." *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) (internal citations omitted). In deciding whether to consolidate actions under Rule 42(a), the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial and multiple-trial alternatives. *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003) (internal citations omitted). These factors require the district court judge to examine the facts and circumstances of each individual case, thus making the decision "highly contextual."

Wright & Miller § 2383.

One issue is whether consolidation will promote convenience and economy in judicial administration. *Rosario v. SCM Group USA, Inc.*, 2003 U.S. Dist. Lexis 12250 *3 (E.D.Pa. 2003).

For the reasons set forth below, none of these criteria are met.

### A. Defendant Cites No Justification For Inclusion Of Laufer

First, the case filed against Hotels and Stuff was filed by Sarwar: Not Laufer. Hotels and Stuff and Attorney Roth fail to provide any explanation how or why any cases filed by Plaintiff Laufer are relevant, related or in any way warrant consolidation with Sarwar cases.

### B. Defendant's Class Action References Are Baseless

Second, Hotels and Stuff and Attorney Roth base their arguments largely on the notion that Fed. R. Civ. P. 23 applies, thus requiring court approval for settlements, advertising to the class, etc. This argument is completely unfounded, because these requirements only apply in the event class certification is formally sought, or certification is approved by the court. Without that, Hotels and Stuff and Roth's arguments are completely lacking in merit.

### C. Defendant's Arguments Regarding Expedia Are Baseless

Third, Hotels and Stuff and Roth assert that the plaintiffs have an agreement with Expedia and that they should have named Expedia and the other third parties. This misrepresents both the law and facts.

First, there is no contract between any of the plaintiffs and any of the Third parties. In this regard, the plaintiffs' claims are based on the following:

42 U.S.C. Section 12182(a) provides:

> The remedies and procedures set forth in section 2000a–3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter...

42 U.S.C. Section 12182(a) provides:

> (a) General rule
> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. Section 12182(b)(2)(A) expands on the definitions of the above subsection to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations

42 U.S.C. Section 12182(b)(2)(A)(ii).

This latter subsection is the subject of regulations promulgated by the Department Of Justice ("DOJ").[1] Specifically, the DOJ promulgated 28 C.F.R. Section 36.302(e)(1)(hereinafter "Regulation"), which provides:

> (1)Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities

---

[1]The DOJ promulgated 28 C.F.R. 36.302 to carry out the provisions of the ADA. *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, 2018 U.S. Dist. LEXIS 87457 *6 (S.D. Fla. May 23, 2018).

>until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

The Statute and Regulation are directly on point and unambiguously spell out all the elements of a cause of action. The plaintiff's right to injunctive relief is accorded by 42 U.S.C. Section 12188(a), which provides that: "The remedies and procedures set forth in section 2000a–3(a) of this title are the remedies and procedures this subchapter provides to **any person who is being subjected to discrimination** on the basis of disability in violation of this subchapter..." (Emphasis added.) A disabled person who encounters a non-compliant ORS becomes entitled to relief under this provision pursuant to two different subsections "of this subchapter".

Moreover, pursuant to 42 U.S.C. Section 12205, Plaintiffs are entitled to their reasonable attorney fees, costs and litigation expenses.

The Regulation imposes liability on hotels for its discriminatory online system, even if operated through third parties. 28 C.F.R. Section 36.302(e)(1) (the "Regulation"), provides:

>(1)Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, **or through a third party** -

(Emphasis added.)

Thus, the Regulation is unequivocally clear and imposes liability on hotels which operate discriminatory reservations systems through third parties. The DOJ, which promulgated this Regulation, issued guidelines on the subject at issue. In this regard, the DOJ stated:

> Hotels and organizations commenting on their behalf also requested that the language be changed to eliminate any liability for reservations made through third parties, arguing that they are unable to control the actions of unrelated parties. The rule, both as proposed and as adopted, requires covered public accommodations to ensure that reservations made on their behalf by third parties are made in a manner that results in parity between those who need accessible rooms and those who do not.
>
> Hotels and other places of lodging that use third party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third party services with information concerning the accessible features of the hotel and the accessible rooms. To the extent a hotel or other place of lodging makes available such rooms and information to a third party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with this section, the hotel or other place of lodging will not be responsible.

Guidelines for 28 C.F.R. Part 36, Nondiscrimination on the Basis of Disability in Public Accommodations and Commercial Facilities, Exhibit A attached hereto, p. 133. Thus, it is plainly clear that a hotel is directly liable for any failure of its online reservations system to comply with the Regulation, even if operated through third parties. See *Kennedy v. Siesta Inn & Suites, Inc.*, 2020 U.S. App. Lexis 31073 **7-8 (11th Cir. 2020)(hotel liable for failure to provide third party ORS providers with the information required by the Regulation); *Parks v. Richard*, 2020 U.S. Dist. Lexis 127639, passim (M.D. Fla. 7/21//20)(hotel liable for discrimination through third party sites).

Moreover, the third party providers are not liable to the Plaintiff. At least one court has rejected the argument that these are indispensable parties. See *Kennedy v. New Yorker Hotel Miami, LLC*, 0:18-62897, DE 34, pp. 5-7 (S.D. Fla. 6/6/19).

The DOJ's guideline addressed the Regulation's applicability to third parties. On this point, the DOJ states:

> In the NPRM, the Department sought guidance concerning whether this requirement should be applied to third party reservations services. Comments made by or on behalf of hotels, resort managers, and other members of the lodging and resort industry pointed out

> that, in most cases, these third parties do not have direct access to this information and must obtain it from the hotel or other place of lodging. Because third party reservations services must rely on the place of lodging to provide the requisite information and to ensure that it is accurate and timely, the Department has declined to extend this requirement directly to third party reservations services.

*Id*. p. 78.

By this language, the DOJ made clear that the Regulation does not impose liability on third party booking systems because they do not have direct access to the information required. This information is in the exclusive possession of the hotel and any failure to comply with the Regulation is the hotel's fault.

The Statute itself is devoid of any language that would give Plaintiff a right of action against the third parties. 42 U.S.C. Section 12182(a) only imposes liability on any person "who owns, leases (or leases to), or operates a place of public accommodation." The other third party providers do not fall within any of these categories. See *Huzar v. Groupon, Inc*., 2018 U.S. Dist. Lexis 126653, *9-11 (N.D. Ill, 2018)(applying this reasoning to hold that third parties cannot be liable to plaintiff).

Most importantly, these online reservations systems post information about the hotel that was provided exclusively by each hotel. They had no other means of obtaining the information relevant to the hotel.

Thus, no ADA plaintiff can pursue an ORS discrimination claim against Expedia, Booking.com or any other third party website provider. Rather, the proper actions are solely against the named defendants, who are owner, operator, lessor or lessee of the places of public accommodation and are thus liable for discrimination under 42 U.S.C. Section 12182.

Defendant's entire theory in support of centralization is premised on this

misrepresentation of law and therefore must be denied.

      **B.**      **The Law And Facts Of Every Hotel Case Is Different**

Each case involves a completely separate hotel. Some of the cases involve different plaintiffs unrelated to Sarwar. Each hotel books rooms through entirely separate websites. Even if, for example, multiple hotels use Expedia or another common platform, their websites are completely different - with each being specific to the particular hotel. Each hotel has different types of rooms, including entirely different accessible rooms. They have entirely different accessible features (or non-compliant) features, are subject to different requirements and the information that they must provide are unique to each hotel. Moreover, the information that they either did or did not post or provide either on their own websites or the third party sites differs from one hotel to the next.

To begin, each hotel's physical compliance requirements with the architectural standards differ, depending on when the hotel was first constructed and when alterations were made. Hotels built after January 31, 1993, are governed by 42 U.S.C. Section 12183(a)(new construction) and the architectural guidelines promulgated pursuant thereto. Any alteration made after that date must also comply with the architectural guidelines "to the maximum extent feasible". 42 U.S.C. Section 12183(b). With respect to older hotels, 42 U.S.C. Section 12182(b)(2)(A)(iv) requires that they remove barriers to the extent readily achievable. standards. *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 2002 U.S. Dist. LEXIS 1709 *6 (E.D. Ca. 2002). The regulations explain that such barrier removal measures or alterations must comply with the ADAAGs to the maximum extent feasible. See 28 C.F.R. 36.304(d), 28 C.F.R. 36.402; 28 C.F.R.

36.406.[2]

The architectural guidelines which must be followed again depend on when the alteration or new construction occurred. See 28 C.F.R. Section 36.406. Any new construction or alterations which occurred between January 31, 1993 and September 15, 2010 must comply with the 1991 ADA Standards For Accessible Design. Any new construction or alterations which occurred after March 15, 2012 must comply with the 2010 ADA Standards For Accessible Design. Anything occurring between September 15 , 2010 and March 15, 2020 must comply with either standard.

With respect to the sort of information a hotel's ORS must provide, the DOJ's guideline states as follows:

> A number of these [disabled] commenters pointed out that it can be difficult or impossible to obtain information about accessible rooms and hotel features and that even when information is provided it often is found to be incorrect upon arrival.... [3]

DOJ Guideline, p. 77.

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g. two queen beds), the type of accessible bathing facility (e.g. roll-in shower), and communications features available in the room (e.g. alarms and visual notification devices....

---

[2] 28 C.F.R. Part 36.304(d) provides that barrier removal measures shall comply with the requirements applicable to alterations under parts 36.402 and 36.404 through 36.406. 28 C.F.R. Part 36.406 provides that alterations must comply with either the ADAAGs or 2010 ADA Stds., depending on the date the alteration was implemented.

[3] In *Kennedy v. Siesta Inn & Suites, Inc.*, 2020 U.S. App. Lexis 31073 *7 (11th Cir. 2020), this failure of a hotels ORS's information to match the actual conditions at the property were one reason cited by the Eleventh Circuit as a basis for reversal.

> For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards. For example, if the door to the ''accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). This width may not meet current standards but may be adequate for some wheelchair users who use narrower chairs. In many cases, older hotels provide services through alternatives to barrier removal, for example, by providing check in or concierge services at a different, accessible location.

DOJ Guideline, p. 78.

The 1991 ADA Standards can be found at ada.gov/1991ADAstandards_index. The 2010 ADA standards can be found at ada.gov/2010ADAstandards_index. These standards contain exact specifications for such things as the number of accessible rooms a hotel must have (depending on the total number of rooms), how many rooms must have roll-in showers, the requirements and positioning of grab bars, accessible lavatories, guest rooms, peep holes, commodes, maneuvering space, reach range of objects, handicap parking spaces, registration counters, pools, accessible routes and a myriad of other items, ramps, stairs, railings, elevators, etc..

Thus, each hotel was built at a different time, had alterations at different times, and are therefore subject to different standards. Each hotel has different accessible rooms and varying levels of compliance with the applicable standards. For example, any hotels constructed after 1993 which are in full compliance with the applicable regulations, have more limited requirements. For example, they can simply identify their accessible rooms and provide information regarding the sort of bed (i.e. king), the sort of bathing facility (i.e. roll-in shower), type of view (riverview, city view, pool view, balcony) etc, and then provide an option for

reserving the room. They then must also include such references as "accessible pool", "accessible parking spaces", "accessible breakfast bar". This list varies, depending on what the particular hotel offers and whether or not the features are truly compliant in accordance with the applicable ADA standards.

For hotels that have conditions deviating from the applicable standards, their reservations systems must provide far more information. For example, "no pool lift", "handicap parking spaces with slope of 8%", "no curb ramps", "no accessible registration counter", "rear grab bar missing in lobby restroom", "fitness room inaccessible", "business center inaccessible", "breakfast bar inaccessible", "restaurant, lounge, tiki bar, BBQ, picnic facilities...inaccessible" - the list of features differs vastly from hotel to hotel and depends entirely on the physical conditions specific to each hotel. Fashioning appropriate injunctive relief in each case will require a physical examination of that hotel's property and comparison to the applicable standards to ensure that the proper information is then included on the hotel's ORS.

Then, with respect to each hotel, even if it does post the required information to its ORS, the next issue is whether or not the hotel properly reserves the accessible rooms for disabled persons to try to book them, as required by 28 C.F.R. Section 36.203(e)(1)(iii),(iv) and (v).

It is therefore not surprising that Defendant failed to cite a single ADA case in which consolidation was granted. In *In Re Starbucks Corp., Access for Individuals with Disabilities*, 326 F.Supp.3d 1370 (MDL 2018), the MultiDistrict Panel denied a motion for centralization of ADA claims filed in multiple districts, even though all cases involved the same plaintiff and same defendant. This Panel reasoned that:

> [E]ach action involves a different Starbucks (in one case, two Starbucks are involved), and the unique circumstances in existence at that Starbucks at the time of plaintiff's visits.

> Even the alleged barriers are not the same from action to action. Although in all 21 actions, one specific alleged barrier concerns the absence of a lowered, 36-inch portion of the transaction counter available for use by wheelchair users, several of the actions involve additional alleged barriers, such as an inaccessible parking space or non-ADA compliant door hardware. Starbucks does not point to any common policies or procedures at issue, and it does not suggest that there will be any common witnesses other than plaintiff himself.

Thus, if the MultiDistrict Panel denied centralization in *Starbucks*, which involved the same parties, the difference in the violations from store to store were enough to defeat centralization. In this instance, there are multiple parties, with different plaintiffs, every defendant being different, every website being different, subject to different reporting standards. In sum, the differences in the hotel cases are far more varied. In each case, the ORS specific to that hotel must contain information that accurately reflects the accessibility conditions at that hotel. In short, the only commonality of these cases is that they all involve the same law. Beyond that, nothing is the same.

### C. The Procedural Posture Of Every Case Is Different

The procedural posture of the referenced by Defendant are different.

1. The case involving Hotels and Stuff has been dismissed, thus calling into question the right of that Defendant and Attorney Roth to be involved in anything.

2. Laufer v. Tribhuvan Real Estate, LP, 2:20-cv-1188-MRH was dismissed on October 27, 2020.

3. In Laufer v. Kovaken, LLC, 3:20-cv-00177-SLH, the parties reached a settlement in principle and Laufer filed a Notice of Settlement on November 4, 2020.

4. In Sarwar v. Mohammad, 2:20-cv-01391-NR, the Defendant has not yet even filed a response to the Complaint.

5.  In Sarwar v. Millenium Hotels, Inc., 2:20-cv-01469-RJC, there has been no response from the defendant and its answer is overdue. A motion for default is being filed contemporaneously herewith.

6.  In Sarwar v. Beidman, 3:20-cv-210-SLH, there has been no response from the defendant and its answer is not yet due.

Thus, there are only three active cases, the case against Hotels and Stuff being dismissed. Therefore, Hotels and Stuff and Roth have no interest in common with the other defendants.

**D.  There Is No Convenience**

Hotels and Stuff and Attorney Roth are brazenly attempting to interfere with other cases. Presumably, the only three cases remaining will see the identification of counsel for each of the respective defendants. None of the defendants would be adequately served by Mr. Roth, in light of his sanctionable litigiousness and misrepresentation of the law crossing the line into malpractice.

Legal fees will increase exponentially if different attorneys from different defendants are forced to monitor each others' cases, motions and discovery. Indeed, the only party who would enjoy any convenience or benefit whatsoever is Attorney Roth, who seeks to usurp the relationship between many defendants and their own counsel and take over representation. Indeed, consolidation would impede each of the defendants to freely and independently choose whether to settle immediately, litigate and settle, or litigate all the way to trial and possible appeal.

**E.  Defendant's Remaining Legal Claims Are Baseless**

Defendant and Attorney Roth make several additional baseless claims.

First, they claim that Plaintiffs and Plaintiff's counsel engage in improper fee sharing. This is completely untrue. To the contrary, Plaintiffs are advocates, seeking solely injunctive relief to bring hotel online reservations system into compliance with the law. This is authorized under 42 U.S.C. Section 12188. Moreover, Plaintiffs' counsel are entitled to their fees, costs and litigation expenses pursuant to 42 U.S.C. Section 12205. Nothing is shared and the plaintiff's receive no monies.

Hotels and Stuff's and Attorney Roth's reference to 28 U.S.C. Section 1927 are unavailing. There is nothing improper about any of plaintiff's actions. Indeed, Roth's theory in this regard is premised on the notion that Plaintiffs should have filed a single action against Expedia instead of the separate actions against the hotels. For the reasons explained above, this argument is completely unfounded.

**V.     Conclusion**

For the foregoing reasons, Defendant Hotel and Stuff's motion must be denied.

Respectfully submitted,

By: */s/ Thomas B. Bacon*
Thomas B. Bacon, P.A.
644 N. McDonald Street
Mt. Dora, FL 32757
tbb@thomasbaconlaw.com
954-478-7811

*/s/ Tristan W. Gillespie*
Thomas B. Bacon, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
404.276.7277
gillespie.tristan@gmail.com

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record this 11th day of November, 2020.


By: */s/ Tristan W. Gillespie*