## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAIM SARWAR, | ) | No. 2:20-cv-01393 CB |
| Plaintiff, | ) | |
| v. | ) | |
| HOTELS AND STUFF, INC., et al, | ) | |
| Defendants. | ) | |
| ---------------------------------------------------------- | ) | |
| DEBORAH LAUFER, | ) | No. 2:20-cv-01188-MRH |
| Plaintiff, | ) | |
| v. | ) | |
| TRIBHUVAN REAL ESTATE LP, | ) | |
| Defendants. | ) | |
| ---------------------------------------------------------- | ) | |
| SAIM SARWAR, | ) | |
| Plaintiff, | ) | No.  2:20-cv-01391-NR |
| v. | ) | |
| MOHAMMAD, | ) | |
| Defendant, | ) | |
| ---------------------------------------------------------- | ) | |
| SAIM SARWAR, | ) | |
| Plaintiff, | ) | No. 2:20-cv-01469-RJC |
| v. | ) | |
| MiLLENIUM HOTELS INC., | ) | |
| Defendant. | ) | |
| ---------------------------------------------------------- | ) | |
| DEBORAH LAUFER, | ) | |
| Plaintiff, | ) | No.  3:20-cv-0177-RJC |
| v. | ) | |
| KOVAKEN LLC, | ) | |
| Defendant. | ) | |
| ---------------------------------------------------------- | ) | |
| SAIM SARWAR, | ) | No. 3:20-cv-00210 SLH |
| Plaintiff, | ) | |
| v. | ) | |
| BEIDMAN, et al, | ) | |
| Defendants. | ) | |
| ---------------------------------------------------------- | ) | |

## REPLY TO PLAINTIFFS' RESPONSES TO  THE MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2) TO CONSOLIDATE

Hotels and Stuff Inc., by and through its undersigned counsel, replies to

the response of Plaintiffs in opposition to the Motion to Consolidate:

1. Hotels and Stuff properly moved this Court pursuant to Rule 42(a)(2) to consolidate these case nearly verbatim lawsuits suing over the same third-party websites such as hotels.com, booking.com, expedia.com, etc.

2. These cases are part of several hundred lawsuits best described by one court in an identical lawsuit:  "[I]t appears that [plaintiff] and her attorney's sole intent in this litigation is to bully the Defendant into handing over as much money as possible, completely without a relationship with the business."  *Laufer v. Mann Hospitality,* 20-cv-620 (W.D.Tx. Sept. 30, 2020); Exhibit 1.

3. Plaintiff in 2:20-cv-1393 filed a Notice of Dismissal, apparently to moot the motion to consolidate and consideration by the Judicial Panel on Multidistrict Litigation as nationwide control.

4. It is unclear whether any dismissal, settlement, or other withdrawal of the website is authorized pursuant to Federal Rule of Civil Procedure 23(e) considering that the first paragraph and the body of each lawsuit states they are being filed on behalf of plaintiff and all those similarly situated.  In other words, these lawsuits imply that a class is being sought to be certified notwithstanding the failure to include the necessary class action allegations.

5. Regardless of the dismissal of some of the actions, many courts around the United States are taking control of these cookie-cutter lawsuits by assigning them to a single judge.

6.   In the Western District of Texas, the Court rendered a standing Order requiring justification of plaintiffs' standing in all of the cookie cutter suits filed.  *See* Exhibit 2.

7.   The Northern District of New York required similar submissions in multiple cases.  *See* Exhibit 3.

8.   Similarly, in *Laufer v. Lily Pond LLC C Series*, 3:2020-cv-0617 (W.D.Wisc.), Docket Entry 9 (September 3, 2020), the Court noted in a text Order that, "Plaintiff has filed substantially similar complaints in 20 other cases in this court in the past two months" and that  "this court is requiring plaintiff to show cause why her complaint should not be dismissed for lack of standing."

9.   Standing is not the only serious jurisdictional defect in these identical lawsuits. The class action inferences in the lawsuit demonstrate required judicial supervision as plaintiffs are settling these lawsuits without notifying those "similarly situated."

10.  The procedures for class action settlement—including the notice procedures—must comply with due process requirements. *See In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 435 (3d Cir. 2016).

11.  The interests of class representatives or class counsel do not always align with the interests of absent class members, and prior to certification class members may not know their claims are in litigation

or that settlement negotiations are taking place. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 788 (3d Cir. 1995).

12. In other words, Hotels and Stuff remains perplexed how these suits can both claim to be filed on behalf of others in two locations in each lawsuit, yet routinely settled in a non-public manner or withdrawn in exchange for money paid to legal counsel.

13. Therefore, without regard to the dismissal of movant, this Court needs to seriously contemplate taking control as the courts in the Western District of Texas, Northern District of New York, and Western District of Wisconsin are.

14. Based on the above, Hotels and Stuff's filing under Rule 42(a)(2) while litigation was against it was meritorious and proper.

15. Plaintiffs claims otherwise are belied by the submission of identical cut and paste lawsuits, over 700 in the past year.

16. Plaintiff's citation to the proposed *Starbucks* consolidation is off base.  In these cases, there are not different websites.  On the contrary, there are only two websites (expedia.com and booking.com) that form the basis of the alleged violations, and all other websites are simply different names. Nothing in the lawsuits are individualized, only the plaintiff's names are changed and sometimes the various Expedia and Booking affiliates.

17. Finally, as to the claims that counsel is attempting to gain clients or

somehow take over the litigation is not accurate.  Hotels and Stuff believed that consolidation would reduce the costs of discovery, investigation, and enable this Court to determine the identical facts and law present in these vague, boilerplate lawsuits.

WHEREFORE, Defendant Hotels and Stuff Inc. respectfully requests that this Court *sua sponte* take control of these lawsuits and consolidate them or assign them to a single judge regardless of the dismissed status of movant.


Respectfully submitted,


*/s/ J. Allen Roth, Esq.*
J. Allen Roth, Esq.
757 Lloyd Ave, Suite B
Latrobe, PA  15650
(724) 537-0939 Phone
lawmatters@yahoo.com

COUNSEL FOR HOTELS AND STUFF
INC.

## CERTIFICATE OF SERVICE

I, J. Allen Roth, certify that all appearing counsel are members of this Court's ECF system and will receive electronic notice upon filing of this document.  In addition, on November 5, 2020, I mailed a true copy of the foregoing to:

TRIBHUVAN REAL ESTATE LP
c/o Bharat B Patel
1001 Rowena Dr.
Ebensburg PA 15931


*/s/ J. Allen Roth*
J. Allen Roth Esq.